IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ERIC L. BYRD, RICHARD S. HOLLOWAY, DAVID E. WHITESIDES, and W. S. TYSINGER,<br><br>　　　　　Defendants. | 4:23CV3186<br><br>**MEMORANDUM AND ORDER** |

　　　　On October 3, 2023, Plaintiff Brendan Welch ("Plaintiff"), then a non-prisoner, filed a Complaint, Filing No. 1, and a motion to proceed in forma pauperis, Filing No. 2, which was granted, Filing No. 5. On October 12, 2023, Plaintiff filed what this Court construed as a motion for copies of his Complaint and a motion to amend, Filing No. 7, and then on May 31, 2024, Plaintiff filed a motion to stay the case due to his incarceration, Filing No. 10. On July 3, 2024, this Court denied the motion to stay but granted the motion for copies and granting Plaintiff leave to amend his Complaint, giving him through and until August 2, 2024, to do so, but notifying Plaintiff that any failure to file an amended complaint by the August 2 deadline would result in this Court performing an initial review of the operative complaint at Filing No. 1. See Filing No. 13. While Plaintiff filed a notice of change of address indicating he was no longer incarcerated on September 10, 2024, Filing No. 18, Plaintiff never filed an amended complaint.

　　　　As such the Court now conducts an initial review of the Complaint at Filing No. 1 to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds that Plaintiff's Complaint is appropriate

for summary dismissal as the Complaint is time barred and therefore shall be dismissed with prejudice.

## I.  SUMMARY OF COMPLAINT

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983.  Filing No. 1.  The subject matter of this case arises from what Plaintiff's alleges was a false arrest, illegal detention, malicious prosecution, illegal search, assault, and wrongful conviction occurring in or before 2016 against: Caldwell County Sheriff Officer Eric L. Byrd ("Bryd"), Caldwell County District Court Judge Richard S. Holloway ("Holloway"), Burke County Magistrate David E. Whitsides ("Whitsides"), and Caldwell County Magistrate W.S. Tysinger ("Tysinger") in their official capacities only.  *Id.* at 2–3.

In support of his claims Plaintiff alleges:

> In April I was peacefully camping and enjoying a turkey hunt in Caldwell County; licensed and legally hunting on gamelands.  [D]uring one of my hikes in town to get water and food I met Allen Dale Cannon, whom subsequently pointed a handgun at me and communicated threats to/unto me on two different occasions.  I called police on or about May 3rd, 2016 for assistance.  Before that I was illegals detained, arrested and falsely imprisoned, being deprived of my freedom, falsely accused of assault and trespass.  I was then further maliciously prosecuted, suffering in jail under false reports, wrongful convictions and illegal detention/false imprisonment.

*Id.* at 4 (punctuation corrected).

As a result, Plaintiff alleges he has suffered emotional distress including anxiety and panic attacks.  *Id.* at 5.  As relief Plaintiff seeks removal of defendants Holloway, Whitsides and Tysinger from their respective judicial positions and suspension/termination of all law enforcement officers involved including defendant Byrd and non-defendants R.E. Hassan and A. Robbins as well as $100,000 in damages.  *Id.*

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff brings his claims under 42 U.S.C. § 1983. Filing No. 1. The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose."

3

*Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a four-year statute of limitations. See *Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 (Westlaw 2020) ("The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated....").

Here, Plaintiff's claims arise events occurring in 2016 at the latest, however, his Complaint was not filed until 2023. *See* Filing No. 1 at 4. As such, unless the statue of limitations was tolled, his Complaint must be dismissed as barred by the statute of limitations.

Although tolling may occur when a person, at the time the cause of action accrued, had a mental disorder or was imprisoned, see Neb. Rev. Stat. § 25-213 (Westlaw 2020), these conditions must have actually prevented the person from taking action. See *Maycock v. Hoody*, 799 N.W.2d 322, 329 (Neb. 2011) (a person with a "mental disorder," for purposes of § 25-213, is one who suffers from a condition of mental derangement which actually prevents the sufferer from understanding his or her legal rights or from instituting legal action); *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996) ("[A] showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment."). There are not sufficient facts alleged in the Complaint, however, to support a finding that the statute of limitations was tolled in this case.

Although Plaintiff alleges that he suffers high anxiety and panic attacks, and although this Court is aware that he was imprisoned for several months this year, he does

4

not assert these limitations have prevented him from understanding or seeking to protect his rights. Moreover, Plaintiff has filed over 20 lawsuits in this Court,[1] many of which address activities Plaintiff undertook in the preceding years which indicate Plaintiff was not prevented from taking action to address his claims in the years preceding the filing of this suit. Filing No. 1 at 4 (alleging his claims stem from an event in May of 2016 and an illegal detention which occurred "before that").

Because Plaintiff's purported § 1983 claims arose from actions occurring more than four years prior to the filing of this lawsuit, all of his claims are barred by the statute of limitations and are subject to dismissal under 28 U.S.C. §§ 1915(e)(2) for failure to state a claim upon which relief may be granted.[2] See, e.g., *Petitphait v. Christensen*, No.

---

[1] *See Welch et al v. Wright et al*, Case No. 4:23-cv-03128 (filed Jul. 14, 2023); *Welch Racing et al v. Double 00 Shitshow et al*, Case No. 4:23-cv-03129 (filed Jul. 14, 2023); *Welch et al v. Double 00 Shitshow et al*, Case No. 8:23-cv-00305 (filed Jul. 18, 2023); *Welch Racing LLC et al v. Double OO Shitshow et al*, Case No. 8:23-cv-00306 (filed Jul 18, 2023); *Welch Racing et al v. Wright et al*, Case No. 4:23-cv-03134 (filed Jul. 21, 2023); *Welch Racing LLC et al v. Hill et al*, Case No. 4:23-cv-03135 (filed Jul. 21, 2023); *Welch et al v. Double 00 Shitshow et al*, Case No. 8:23-cv-00318 (filed Jul. 25, 2023); *Welch Racing et al v. McCandless et al*, Case No. 4:23-cv-03139 (filed Jul. 27, 2023); *Welch Racing LLC et al v. Dallas et al*, Case No. 4:23-cv-03141 (filed Jul. 31, 2023); *Welch Racing LLC et al v. Raia et al*, Case No. 4:23-cv-03142 (filed Jul. 31, 2023); *Welch v. Morgan & Morgan*, Case No. 8:23-cv-00350 (filed Aug. 8, 2023); *Welch Racing LLC et al v. Zuckerberg et al*, Case No. 4:23-cv-03147 (filed Aug. 14, 2023); *Welch Racing LLC et al v. Barnett et al*, Case No. 4:23-cv-03148 (filed Aug. 14, 2023); *Welch Racing LLC et al v. Drexler et al*, Case No. 4:23-cv-03149 (filed Aug. 14, 2023); *Welch et al v. Hester et al*, Case No. 4:23-cv-03150 (filed Aug. 14, 2023); *Welch v. Stecker et al*, Case No. 4:23-cv-03157 (filed Aug. 23, 2023); *Welch et al v. Double 00 Shitshow et al*, Case No. 4:23-cv-03162 (filed Sept. 5, 2023); *Welch v. Tenneco Automotive Operating Company et al*, Case No. 4:23-cv-03230 (filed Nov. 29, 2023); *Welch v. Wolf et al*, Case No. 4:23-cv-03254 (filed Dec. 29, 2023); *Welch v. Peterson et al*, Case No. 4:24-cv-03009 (filed Jan. 22, 2024); *Welch v. Officer Wooster #1863 et al*, Case No. 4:24-cv-03038 (filed Feb. 16, 2024); *Welch v. Deaver et al*, Case No. 4:24-cv-03101 (filed May 31, 2024); and *Welch v. Staggs et al*, Case No. 8:24-cv-00239 (filed June 20, 2024).

[2] Even if Plaintiff's claims were not barred by the statute of limitations all claims against all named defendants are subject to dismissal as pleaded. Defendants Holloway, Whitsides, and Tysinger, as judicial officers, are absolutely immune from suit here. *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). Plaintiff's suit against officer Byrd, which he brings only in Byrd's official capacity, is also subject to dismissal as official capacity claims against a county employee are construed as claims against their respective public employers. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). And, as a county may only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998)

5

8:19CV115, 2020 WL 229994, at *1 (D. Neb. Jan. 15, 2020) (dismissing time-barred § 1983 action with prejudice on initial review).

IT IS THEREFORE ORDERED: The Complaint, Filing No. 1, is dismissed with prejudice for failure to state a claim on which relief may be granted.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 23rd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

(citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)), but Plaintiff does not allege that any policy or custom of Caldwell County caused his injuries, his official capacity claim against Byrd would also be subject to dismissal.